Dear Senator Bild:
This letter is issued in response to your request for an opinion as to whether or not an automobile leasing company is required to collect Missouri state sales tax when it leases an automobile to a religious, charitable or eleemosynary institution. You have informed us that a certain leasing company is charging and collecting sales tax from an eleemosynary institution which leases cars from it.
From your discussion, we assume that the leasing company in question is a "motor vehicle leasing company" as that term is defined in the sales and use tax law, Section 144.010.1 (4), RSMo (because of the many changes in the sales and use tax law, all references to RSMo are to Vernon's Annotated Missouri Statutes). That is, we assume the leasing company is a company which has obtained a permit from the Director of Revenue which enables it to collect sales tax in accordance with subsection 5 of Section144.070 rather than paying a tax at the time of registration based upon the purchase price of the vehicle in question. Section 144.070.5 provides that a sales tax shall be charged to and paid by a leasing company on the amount charged for each rental or lease agreement. Of course, this tax is collected from the customer by the company.
For these purposes, the leasing company is to be treated the same as any other business engaged in the practice of selling tangible personal property at retail. The company's rental or lease charges constitute "gross receipts" as that term is defined in Section 144.010.1(3), which provides that lease or rental considerations are includable in "gross receipts" for sales tax purposes when a right to continuous possession or use of any article of tangible personal property is granted under a lease or contract and such a transfer of possession would be taxable if outright sale were made.
Section 144.040.1, RSMo, exempts from the provisions of Sections 144.010 to 144.745 all sales made by or to religious and charitable organizations and institutions in their religious, charitable or educational functions and activities. Subsection 2 of Section 144.040, RSMo, exempts all sales made by or to not-for-profit civic, social, service or fraternal organizations solely in their civic or charitable functions and activities, and all sales made to eleemosynary and penal institutions and industries of the state. In our opinion, this section is applicable to lease and rental agreements which are subject to tax under the provisions of the Missouri sales tax act in the same manner as any other "sale". The term "sale" as it is used in the sales tax statutes has been given a very broad definition. In Section144.010.1(7), it has been defined as any transfer or exchange, conditional or otherwise, of tangible personal property for a valuable consideration as well as the rendering, furnishing or selling of any of the substances, things and services designated and defined as taxable under the terms of Sections 144.010 to144.510. This is certainly broad enough to include rental or lease considerations taxable under the provisions of the sales tax act. The exemption provisions of Section 144.040 apply to lease or rental transactions in the same manner as they apply to any other "sale" which is taxable under Chapter 144.
However, it is impossible to speculate in the absence of a full factual disclosure as to whether or not a certain institution is entitled to an exemption under the provisions of Section 144.040. Inasmuch as we have not been provided with any factual information concerning the activities or the nature of the institution involved in your opinion request, we must decline to issue an opinion as to whether or not such an institution is exempt from the payment of sales tax on a particular transaction.
Very truly yours,
 JOHN ASHCROFT Attorney General